**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CARLOS PEREZ,

                Plaintiff,

        -v-                               9:23-CV-1208 (AJB/DJS)

C.O. LORI HOOPER, *et al.*,

                Defendants.

**Hon. Anthony Brindisi, U.S. District Judge:**

**<u>DECISION and ORDER</u>**

**I.     INTRODUCTION**

On September 27, 2023, plaintiff Carlos Perez ("plaintiff") commenced this 42 U.S.C. § 1983 action against New York State Department of Corrections and Community Supervision ("DOCCS") employees Corrections Officer Lori Hooper ("C.O. Hooper"), Sergeant Bernard Stevens ("Sgt. Stevens"), Corrections Officer John Norman ("C.O. Norman"), Corrections Officer Kyle Brooks ("C.O. Brooks"), and Radiology Technician Tami Larose ("Larose") (collectively "defendants"). Dkt. No. 1.

In short, plaintiff claims that, while he was incarcerated at Riverview Correctional Facility in Ogdensburg, New York ("Riverview"), C.O. Hooper directed Sgt. Stevens, C.O. Norman, and C.O. Brooks to physically assault plaintiff and, after the assault, Larose denied plaintiff adequate medical care for his injuries. Dkt. No. 16 ("Am. Compl."). Plaintiff's operative complaint[1] asserts

---

[1] The record reflects that plaintiff sought and obtained leave to amend his complaint during the parties' initial pre-trial scheduling conference on January 2, 2024. Dkt., Minute Entry (Jan. 2, 2024). Plaintiff's amended complaint differs only from his initial complaint in that it identifies 42 U.S.C. § 1985 as the statutory basis for his conspiracy claim, rather than 42 U.S.C. § 1983. *Contrast* Dkt. No. 1 ¶ 57 *with* Dkt. No. 16 ¶ 57. Apart from this change, the allegations set forth in plaintiff's amended complaint appear to be identical to those contained in his initial complaint. *Compare* Dkt. No. 1 ¶¶ 1–56 *with* Dkt. No. 16 ¶¶ 1–56.

§ 1983 claims for violations of plaintiff's Eighth and Fourteenth Amendment rights along with a § 1985 civil rights conspiracy claim against all defendants. *Id.*

On March 13, 2026, defendants moved under Federal Rule of Civil Procedure ("Rule") 56 for partial summary judgment on plaintiff's § 1985 civil rights conspiracy claim. Dkt. No. 59. Plaintiff does not oppose defendants' motion. Dkt. No. 60. The Court will decide defendants' motion on the basis of the submissions without oral argument.

## II.     LEGAL STANDARD

Although styled as a motion for summary judgment, *see* Defs.' Mem. at 5 (citing Rule 56 standard), defendants' motion is directed only at the sufficiency of the allegations in plaintiff's amended complaint, *see* Defs.' Mem. at 6–7; Dkt. No. 59-2 ("Defs.' SMF") at ¶¶ 1–12. Where, as here, a motion for summary judgment "is made solely on the pleadings, . . . it is functionally the same as a motion to dismiss or a motion for judgment on the pleadings." *Schwartz v. Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) (internal quotation omitted); *see also Miller v. Lamanna*, 169 F.4th 118, 130–31 (2d Cir. 2026) (noting that a defendant can raise a "legal issue with the plaintiff's complaint at any time, including after discovery and in connection with a summary judgment motion, however that motion is styled").

Because the time for filing a pre-answer motion to dismiss has passed, *see* Dkt. No. 18, the Court construes defendants' motion as a motion for judgment on the pleadings pursuant to Rule 12(c). Regardless though, the same legal standard applies. *See, e.g.*, *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) ("'The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim.'" (quoting *Lynch v. City of N.Y.*, 952 F.3d 67, 75 (2d Cir. 2020)).

"'To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Lively*, 6 F.4th at 301 (quoting *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "On a Rule 12(c) motion, 'the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side.'" *Lively*, 6 F.4th at 304 (quoting *Lynch*, 952 F.3d at 75). Accordingly, the district court must "draw all reasonable factual inferences in favor of the plaintiff." *Lynch*, 952 F.3d at 76.

## III.    DISCUSSION

Plaintiff's amended complaint asserts a civil rights conspiracy claim pursuant to 42 U.S.C. § 1985(3). Am. Compl. ¶¶ 55–57 (alleging that defendants conspired to deprive plaintiff of his civil rights). According to defendants, this claim must be dismissed because the intracorporate conspiracy doctrine bars plaintiff's civil rights conspiracy claim. Defs.' Mem. at 6–7.

"To state a claim under § 1985(3), a plaintiff must first show that the defendants conspired—that is, reached an agreement—with one another." *Ziglar v. Abbasi*, 582 U.S. 120, 154 (2017). "In some civil contexts, the Supreme Court has adopted an 'intracorporate conspiracy doctrine,' holding that because employees acting within the scope of their employment are agents of their employer, an employer and its employees are generally considered to be a single actor, rather than multiple conspirators." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 368 (2d Cir. 2018); *see Ziglar v. Abbasi*, 582 U.S. 120, 154 (2017) (noting that "agents of the same legal entity are not distinct enough to conspire with one another").

The Second Circuit has extended this "'intracorporate conspiracy doctrine' to the context of conspiracies to interfere with civil rights in violation of 42 U.S.C. § 1985." *Fed. Ins. Co.*, 882 F.3d at 368. Additionally, as relevant here, courts within this circuit routinely apply the

intracorporate conspiracy doctrine to civil rights conspiracy claims asserted against DOCCS employees. *Richard v. Fischer*, 38 F. Supp. 3d 340, 353 (W.D.N.Y. 2014) (collecting cases); *see, e.g.*, *Vega v. Artus*, 610 F. Supp. 2d 185, 206 (N.D.N.Y. 2009) (dismissing § 1985 conspiracy claim against DOCCS employee-defendants as barred by intracorporate conspiracy doctrine); *Mitchell v. Chappius*, 750 F. Supp. 3d 123, 151 (W.D.N.Y. 2024) (holding that intracorporate conspiracy doctrine barred § 1983 conspiracy claim against DOCCS employee-defendants).

Taking the factual allegations in plaintiff's amended complaint as true, plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine. Plaintiff's amended complaint alleges that all of the named defendants were employed by DOCCS at the time of the events underlying plaintiff's claims. *See* Am. Compl. ¶¶ 4 (C.O. Hooper), 7 (Sgt. Stevens), 10 (C.O. Norman), 13 (C.O. Brooks), 16 (Larose); *see also* Dkt. No. 18 ¶ 2 (admitting allegations that defendants were employees of DOCCS at all relevant times). And when the alleged misconduct occurred, plaintiff's amended complaint alleges that all of the named defendants were acting within the scope of their employment. *See* Am. Compl. ¶¶ 22 ("[P]laintiff and [C.O.] Hooper were involved in a verbal dispute over the manner in which Hooper was performing her duties as a corrections officer."), 26 (alleging that plaintiff was physically assaulted by Sgt. Stevens, C.O. Norman, and C.O. Brooks in Riverview's Special Housing Unit), 35–37 (describing Larose's medical evaluation of plaintiff at DOCCS facility).[2]

To be sure, there is an exception to the intracorporate conspiracy doctrine that applies where a plaintiff has alleged that "individual defendants were motivated by an[ ] independent personal stake." *Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66, 71–72 (2d Cir. 1976). But the

---

[2] Moreover, although a court cannot "give effect to a complaint's assertions of law or legal conclusions" in deciding a motion for judgment on the pleadings, *see Lynch*, 952 F.3d at 75–76, plaintiff's amended complaint explicitly provides that defendants were acting "within the course and scope of [their] employment" at all relevant times, *see* Am. Compl. ¶¶ 5 (C.O. Hooper), 8 (Sgt. Stevens), 11 (C.O. Norman), 14 (C.O. Brooks), 17 (Larose).

amended complaint lacks any plausible allegation that defendants were motivated by the kind of personal interests that would be sufficient to warrant departure from the general rule barring these claims based on the intracorporate conspiracy doctrine. *See generally*, Am. Compl. Accordingly, plaintiff's §1985 civil rights conspiracy claim must be dismissed.[3]

## IV.   CONCLUSION

Therefore, it is

ORDERED that

1.  Defendants' partial motion for summary judgment is GRANTED; and

2.  Plaintiff's § 1985 civil rights conspiracy claim is DISMISSED.

The Clerk of the Court is directed to:

a.  Terminate the pending motion (Dkt. Nos. 59).

**IT IS SO ORDERED.**

Dated:  May 19, 2026
      Utica, New York.

Anthony J. Brindisi
U.S. District Judge

---

[3] Plaintiff's civil rights conspiracy claim fails on another, independent ground not raised by defendants. "To recover under section 1985(3), a plaintiff must allege 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) (quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). Plaintiff has not alleged membership in any class, nor has he alleged that defendants acted with any class-based animus. *See generally*, Am. Compl.